ALLEN *et al v.* STATE.

[70 South. 362.]

BAIL. *Bonds. Liability. Statutes.*

Under Code 1906, section 1466, providing that all bonds or recognizances, conditioned for the appearance of any party in any state case or criminal proceedings, which shall free such party from jail, shall be valid, and under section 1467, providing that all bonds and recognizances in criminal cases, whether they describe the offense actually committed or not, shall have the effect to hold the party bound thereby to answer such offense, and shall be valid until he is discharged by the court, where defendant's principal was charged with feloniously and knowingly receiving stolen goods, while the bond bound him to appear and answer a charge of receiving stolen goods. In such case if the principal was released, the bond was effective, and the sureties could not escape liability on the ground that the offense described in the bond was different from that charged in the indictment.

APPEAL from the circuit court of Leflore county.

HON. MONROE McCLURE, Judge.

Scire facias by the state against Silas Allen and others. From a judgment for the state, defendant appealed.

The appellant was indicted in the circuit court on a charge of having received certain stolen property, which he knew had been stolen. He entered a plea of not guilty, and gave bond in the sum of one hundred dollars to appear at the next term of the circuit court, and his cause was continued. The indictment charges that he knew the property had been stolen, and that he "unlawfully and feloniously" received same. His appearance bond binds him to appear and answer "a charge of receiving stolen goods." When the case was called for trial he did not appear upon being called into court, and judgment nisi was entered against his sureties, said judgment reciting that he had failed to appear and answer "a charge of receiving stolen goods." A scire facias was issued on the forfeited bond, which recited that appellant had failed to appear and answer the charge of "knowingly and feloniously receiving stolen goods." Judgment final was rendered against the sureties, and an appeal granted to the supreme court.

It is urged that the appearance bond and judgment nisi differed in their terms from the indictment, and the scire facias, since the words "knowingly and feloniously" were omitted, and it is also charged that the court erred in admitting the indictment in evidence upon the hearing of the cause at the time judgment final was entered.

Sections 1466 and 1467 of the Code are as follows:

"1466. All bonds, recognizances, or acknowledgments of indebtedness, conditioned for the appearance of any party before any court or officer, in any state case or criminal proceeding, which shall have the effect to free such party from jail or legal custody of any sort, shall be valid and bind the party and his sureties, according to the condition of such bond, recognizance, or acknowledgment, whether it was taken by the proper officer or

110 Miss.—25

under circumstances authorized by law or not, or whether the officer's return identify it or not.

"1467. All bonds and recognizances taken in criminal cases, whether they describe the offense actually committed or not, shall have the effect to hold the party bound thereby to answer to such offense as he may have actually committed, and shall be valid for that purpose, until he be discharged by the court."

*S. R. Coleman,* for appellant.

The bond executed by Allen and his sureties was for his appearance to answer the charge of receiving stolen goods, a charge of no crime known to law. A forfeiture was taken on said bond and judgment *nisi* states that he was called to answer the charge of receiving stolen goods, made default, and therefore judgment *nisi* against him and his sureties for his default in not appearing to answer said charge. There is a fatal variance between the *alias scire facias* upon which judgment final was rendered and said judgment *nisi* and the amended *scire facias,* like its predecessor, should have been quashed.

The bond and judgment *nisi* both are to answer, and for failure to answer the charge of receiving stolen goods, which is not a crime, and the *alias scire facias* says for failure to answer the charge of knowingly and feloniously receiving stolen goods. This is a material variance that all the authorities in the Mississippi Reports from 4th. Howard on up and including 76 Mississippi, hold to be fatal to a *scire facias.* (See Annotations to sec. 1468, Code 1906.)

The indictment introduced on the hearing of the plea of "*nul tiel* record" was no part of the record, legitimately or otherwise. The *scire facias,* was based on the judgment *nisi,* and not on an indictment, and the evidence should have been confined to the record and that alone as pleaded and denied.

*George H. Ethridge,* Assistant Attorney-General, for State.

The bond given by the appellant; Silas Allen, merely described the offense as being for receiving stolen goods, and under section 1467 of the Code of 1906, it is provided that such bond is good whether it actually describes the offense or not, and under section 1468 of the Code it is provided that if the defendant in such case as the one at bâr, fails to comply with the terms of his bond, the court may at any time have default made, enter judgment against the obligor and his sureties in the bond or recognizances, and thereupon a *scire facias* shall issue returnable next term of the court and that the judgment may be made absolute of such *scire facias* unless a sufficient showing is made to the contrary at the time the case is called in its regular order on the docket.

I submit that under these statutes the proceedings were sufficient. There was no sufficient showing made for a failure to appear and answer the charge. Indeed there was no showing whatever made as to any reason excusing such default and the judgment *nisi* was entirely void. It is sufficient for the judgment *nisi* to follow the recitals of the bond. If the statute 1467 writes into the bond the proper recitals, it would also carry the same meaning into the judgment. Following the term of the bond it affirmatively appears that the indictment was introduced in evidence and it shows what the real offense was, and there is no harm that can come to the sureties by reason of the recitals of the judgment. The entire record of the circuit court was put in evidence by the district attorney and showed a complete charge of a valid offense and the failure to appear. The same result would be obtained if the indictment had not been introduced, because the court would take judicial knowledge of the facts therein.

In the case of *Smith et al.* v. *State,* 38 So. 335, was a case where the party was bound over to answer a charge

of robbery but was indicted on a charge of grand lar-
ceny and the principal in said bail bond having failed to
appear to answer the indictment; judgment was taken
against his bondsmen. He set up a similar contention as
to liability as the one presented in this case, and the su-
preme court spoke through the then Chief Justice, dis-
posed of the matter very summarily and held that sec-
tions 1466 and 1467 of the Code shut off such defense.
I think the contention here made is a technical one, and
that the trial court reached the correct conclusion and
result and that the judgment there rendered should be
affirmed.

COOK, J., delivered the opinion of the court.

This case is ruled by *Smith* v. *State,* 38 So. 335, and
will therefore be affirmed.

*Affirmed.*